UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Samuel Levon Harrelson, | ) | Civil Action No.: 9:20-cv-03031-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Kilolo Kijakazi,[1] Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Molly H. Cherry.[2] *See* ECF No. 22. The Magistrate Judge recommends (1) denying Plaintiff's motion to amend onset date of disability [ECF No. 18] without prejudice and (2) granting the Commissioner's motion for entry of judgment with order of remand pursuant to sentence four of 42 U.S.C. § 405(g) [ECF No. 16].

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1]     On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Kijakazi is substituted for Andrew M. Saul.

[2]     This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) for the District of South Carolina.

Neither party has filed objections to the R & R, and the time for doing so has expired.[3]  In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  The Court reviews only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Having found no clear error, the Court ADOPTS and incorporates by reference the Magistrate Judge's R & R [ECF No. 22].  The Court **GRANTS** the Commissioner's motion for entry of judgment with order of remand pursuant to sentence four of 42 U.S.C. § 405(g).  Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), the Court **REVERSES AND REMANDS** the Commissioner's final decision for further administrative action consistent with the R & R.  The Court **DENIES** *without prejudice* Plaintiff's motion to amend the onset date of disability.

**IT IS SO ORDERED.**

Florence, South Carolina                                      s/ R. Bryan Harwell
August 3, 2020                                                      R. Bryan Harwell
                                                                              Chief United States District Judge

---

[3] Objections were due by August 2, 2021.  *See* ECF No. 22.